IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| DISABILITY RIGHTS TEXAS, | § | |
| Plaintiff, | § | CIVIL ACTION NO.14-cv-715 |
| v. | § | |
| | § | |
| MANSFIELD INDEPENDENT | § | |
| SCHOOL DISTRICT and | § | |
| Dr. JIM VASZAUSKAS, | § | |
| in his Official Capacity as | § | |
| Superintendent, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**COMES NOW,** Plaintiff, Disability Rights Texas and files this, it's Original Complaint for Declaratory and Injunctive Relief against Defendants Mansfield Independent School District, and Dr. Jim Vaszauskas Superintendent, in his Official Capacity, and, accordingly, respectfully shows the following:

### I.      PRELIMINARY STATEMENT

1.      Plaintiff, Disability Rights Texas ("DRTx"), is the designated protection and advocacy system for the state of Texas.  Under Federal law**,** DRTx's mandate is to protect and advocate on behalf of individuals with mental or physical disabilities and to investigate incidents of abuse or neglect. *See* the Developmental Disabilities Assistance and Bill of Rights Act ("PADD Act"), 42 U.S.C. § 15041 *et seq.*, the Protection and Advocacy of Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e *et seq.*, and the Protection and Advocacy for Individuals with Mental Illness Act

("PAIMI Act"), 42 U.S.C. §§ 10801-10827.  (These three laws are hereafter collectively referred to as the "P&A Acts.").

2.      In accordance with these federal mandates, DRTx has authority to access records, including the names and contact information of guardians for the purposes of investigating incidents of abuse or neglect.  Consistent with DRTx's federal mandate, DRTx requested access to the names and contact information of the guardians of Mansfield Independent School District ("MISD") students in the SUCCESS Program at Annette Perry Elementary School ("APE") during the 2013-2014 school year, as well as those scheduled to be in the SUCCESS classroom for the 2014-2015 school year, in order to investigate serious allegations of abuse and neglect of these students. Defendants have refused to provide DRTx access to these documents alleging that they are confidential.

3.      By this action, DRTx seeks declaratory and injunctive relief from this Court requiring the Defendants to provide the requested information—the names, addresses, and telephone numbers of the guardians of students who were in the SUCCESS classroom at APE for the 2013-2014 school year and of the students assigned to the classroom for the 2014-2015 school year—so that DRTx may fulfill its statutory duties and investigate the alleged incidents of abuse and/or neglect.

## II.      JURISDICTION AND VENUE

4.      This court has jurisdiction under 28 U.S.C. § 1331 and § 1343(a)(3) since Plaintiff DRTx, brings this action under 42 U.S.C.  § 1983 for injunctive and declaratory relief to redress Defendants' violation of the PADD Act, 42 U.S.C. § 15041, *et seq*., the PAIR Act, 29 U.S.C. § 794e, *et seq*., and the PAIMI Act, 42 U.S.C. § 10801 *et seq*.

5.      This Court has authority to grant Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure.

6.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) as all of the events and omissions included in this complaint occurred on MISD properties serving students from Tarrant, Ellis and Johnson Counties.

### III.    PARTIES

7.      Plaintiff, DRTx, is the federally mandated Protection and Advocacy System ("P&A") for the State of Texas, established pursuant to the PADD Act, 42 U.S.C. § 15001 *et seq*., the PAIR Act, 29 U.S.C. § 794e, and the PAIMI Act, 42 U.S.C. § 10801 *et seq*.  DRTx has been designated by the Governor of Texas as the P&A for the State of Texas.

8.      Defendant Mansfield Independent School District is a school district located in Tarrant County, Texas, and established pursuant to the Constitution of the State of Texas and the Texas Education Code.  MISD is responsible for the operation of all the public schools within its boundaries and for implementing the state's system of public education and ensuring student performance in accordance with the Texas Education Code and its implementing regulations.  Defendant MISD can be served with a copy of this complaint by serving the President of the Board of Trustees, Dr. Michael Evans, at 605 East Broad Street, Mansfield, Texas 76063.

9.      Defendant Dr. Jim Vaszauskas is sued in his official capacity as Superintendent of MISD and serves as the educational leader and the chief executive officer of the school district. He is responsible for "assuming administrative responsibility and leadership for the planning, organization, operation, supervision, and evaluation of the education programs, services, and facilities of the district" and is responsible for ensuring the implementation of district policies.  Tex.

Ed. Code § 11.201(d)(1); Tex. Ed. Code § 11.1512 (a).  Defendant Vaszauskas can be served with a copy of this complaint at his place of business located at 605 East Broad Street, Mansfield, Texas 76063.

10.    "Defendants", as used herein, refers to all Defendants, its agents, employees, successors and all persons acting in concert with them or at their direction.

## IV.    STATEMENT OF FACTS

11.    Congress enacted the P&A Acts after extensive congressional investigations found that existing state systems for monitoring compliance with respect to the abuse and neglect of persons with disabilities residing in institutions vary widely and are frequently inadequate to protect these individuals.  In order to ensure that the fox was no longer guarding the hen house, Congress mandated that each state have a 'protection and advocacy system' designed to have independent access to institutions and records in order to detect and prevent abuse and neglect.  Because the State of Texas receives federal funds under the P&A Acts, it is required to designate a system that is designed to both protect and advocate the rights of individuals with disabilities, and that also investigates incidents of abuse and neglect of individuals with disabilities. *See, e.g*., 42 U.S.C. § 10801, *et seq.;* 42 U.S.C. § 15001, *et seq.*

12.    Annette Perry Elementary is a school within the MISD and is located at 1261 South Main Street in Mansfield, Texas.

13.    APE operates a program for students who require specialized social and behavioral instruction, which they call the SUCCESS class.  The SUCCESS Program Guidelines and Overview indicate that most students in the SUCCESS program will have a disability of an Emotional Disturbance.

4

14.     The SUCCESS program utilizes what they call calm rooms or blue rooms ("calm/blue rooms") district wide.  The APE campus SUCCESS program has two of these rooms.  One measures 80 square feet and the other is 58.5 square feet.

15.     The calm/blue rooms are used when APE staff determine that a student's behavior warrants removing them from the SUCCESS classroom.  There is no limit to the amount of time a student is to be placed in the calm/blue room, and after placing a student in the room, APE teachers hold the door shut so the students cannot get out, thus turning the calm/blue room into seclusion.

16.     SUCCESS guidelines for classroom rules and consequences state that if a student is removed to the calm/blue room two or more times, the student must remain in "isolation for the remainder of the day."  Moreover, "[s]tudents' [sic] who engage in physical aggression will move to the isolation center for the remainder of the day or the following day depending on when the aggression occurs."

17.     On or about April 17, 2014 DRTx obtained information from multiple news sources and social media outlets alleging the overuse of these seclusion rooms at Annette Perry Elementary, particularly with students with disabilities.  The media sources raised concerns about the length of time students were being placed in seclusion, whether students were being "transported" to the calm/blue rooms safely and appropriately, and whether guardians of students in the SUCCESS class were appropriately notified about restraints used to transport students to the calm/blue rooms as required by the Texas Education Code.

18.     The media complaints, along with information obtained through public sources, and DRTx's work on restraint and seclusion issues provided DRTx with reasonable grounds to believe that students with disabilities in APE's SUCCESS program may be subject to abuse or neglect. Based on the complaint and DRTx's determination of probable cause to believe APE SUCCESS students

maybe being abused and/or neglected, DRTx began a full investigation into the use of the calm/blue rooms, as required of the organization under its federal P&A authority.

19.     In a letter dated June 5, 2014, DRTx wrote to Dr. Vaszauskas, as Superintendent of MISD, informing him that in light of the allegations of abuse and neglect of students in the SUCCESS class, DRTx would be conducting an investigation into the use of calm/blue rooms at APE.  In this letter, DRTx requested the names of all students assigned to the SUCCESS classroom for the 2013-2014 and upcoming 2014-2015 school years, as well as the names, addresses, and telephone numbers of the students' parents or guardians. DRTx outlined its P&A authority and why the information was necessary to conduct a full investigation.  DRTx noted in the letter that privacy protections in the Family Education Rights and Privacy Act ("FERPA") do not prevent MISD from being able to provide the requested information.

20.     In a letter dated June 10, 2014, Defendant MISD, responded to DRTx's request stating that MISD would not be releasing the requested information, because  MISD "believes the information requested is confidential and not subject to release" under FERPA and the Individuals with Disabilities Education Act ("IDEA").

21.     On June 16, 2014, DRTx responded to MISD's concerns and provided additional statutory authority and case law demonstrating that MISD's concerns under FERPA and IDEA raised were unfounded.

22.     On June 25, 2014, DRTx received a second letter from MISD stating that MISD would not release the requested information "absent parent consent, subpoena, or a court order."

23.     Defendants, in refusing to provide DRTx with the information necessary to conduct an investigation and authorized to be released to DRTx under its P&A authority, substantially impair, limit, and impede DRTx's ability to investigate serious allegations of abuse and neglect. As a result

of Defendants' refusal, DRTx has been prevented from carrying out an essential statutory responsibility, investigating incidents of abuse and neglect of individuals with disabilities, and therefore has suffered harm for which there is no remedy at law.

## V.    FIRST CAUSE OF ACTION:
## VIOLATION OF THE PADD, PAIR, AND PAIMI ACTS

24.    DRTx restates and incorporates each and every allegation contained in Paragraphs 1 through 24 as though fully set forth herein.

25.    42 U.S.C. § 1983, provides relief for persons who, under color of state law, have been deprived of any rights, privileges or immunities secured under the U.S. Constitution or Federal law.

26.    DRTx, as the P&A system for the state of Texas, has the authority to investigate incidences of abuse and neglect of individuals with developmental disabilities if DRTx receives a complaint or has probable cause to believe that such incidences may have occurred. 42 U.S.C. §15043(a)(2)(B); 42 U.S.C. §§ 10805(a)(4)(B)(iii).

27.    In order to carry out investigations into allegations of abuse and neglect, DRTx is granted broad authority to access all records of any individual with a disability as well as other records relevant to conducting an investigation within three (3) calendar days of a request. *See* 42 U.S.C. § 15043(a)(2)(I), (J); 42 U.S.C. § 10805(a)(1).

28.    Based on the media complaints and DRTx's determination of probable cause to believe APE SUCCESS students may be subject to abuse and/or neglect, DRTx began a full investigation into the use of the calm/blue rooms, by requesting the names and contact information of the parents or guardians of students in that particular SUCCESS classroom.

29.    Without the requested records, DRTx will be unable to complete a thorough investigation into the excessive seclusion of the students in APE's SUCCESS program.

30.    Defendants failed to make the information available to DRTx.  Defendants' action under color of law, and refusal to give DRTx access to the requested records, violates the right of Plaintiff to meaningful and timely access to records, in violation of the PADD, PAIR and PAIMI Acts, unless enjoined.

## VI.    INJUNCTIVE RELIEF

31.    Plaintiff DRTx requests that after notice and hearing, the Court enjoin Defendant from denying DRTx immediate access to the names and contact information of the parents or guardians of students in the APE SUCCESS classroom.

## VII.    DECLARATORY RELIEF

32.    Plaintiff DRTx requests that after notice and hearing, this Court enter a declaratory judgment that the Defendant's policies, regulations, and practices of denying DRTx access to the names and contact information of the parents or guardians of students in the APE SUCCESS classroom, violate the PADD, PAIR, and PAIMI Acts.  42 U.S.C. § 105043 *et seq.* and 42 U.S.C. § 10801 *et seq.*

## VIII.    REQUESTS FOR RELIEF

WHEREFORE, Plaintiff Disability Rights Texas, respectfully requests this Court grant the following relief:

A. Enter a declaratory judgment that by denying DRTx access to the requested contact information of parents of the students in the SUCCESS program and therefore preventing DRTx from fully performing its statutory duty to investigate suspected incidents of abuse and neglect, the Defendants' actions violated the PADD Act, the PAIR Act, and the PAIMI Act;

B. Enter preliminary and thereafter permanent injunctive relief under 28 U.S.C. § 2202, requiring Defendants to provide DRTx with the requested information—the names of students in the SUCCESS class at Annette Perry Elementary School for the 2013-2014 school year, as well as those students assigned to that classroom for the 2014-2015

school year, and the names, addresses, and telephone numbers of their parents or guardians;

C.  Retain jurisdiction over this action to ensure Defendants' compliance with the mandates of the DD Act, PAIR, and PAIMI;

D.  Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988(B);

E.  Order such other and further relief as the Court may deem equitable and just.


DATED: August 28, 2014


Respectfully submitted,

_____*s/ Colleen Elbe*_____
COLLEEN ELBE
State Bar No. 24050154
DISABILITY RIGHTS TEXAS
4747 S. Loop 289, Suite 120
Lubbock, Texas 79424
(806) 765-7794 (phone)
(806) 765-0496(fax)
celbe@disabilityrightstx.org

ELISE MITCHELL
State Bar No. 01478720
DISABILITY RIGHTS TEXAS
1420 West Mockingbird Lane, Ste. 450
Dallas, Texas 75247-4932
(214) 630-0916 (Phone)
(214) 630-3472 (Fax)
emitchell@disabilityrightstx.org

*Attorneys for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

I certify that on this 28th of August, 2014, a true and correct copy of *Plaintiff's Original*

*Complaint for Declaratory and Injunctive Relief* was sent via Facsimile and U.S. Certified Mail,

return receipt requested to:

Mari M. McGowan
Abernathy, Roeder, Boyd & Joplin, P.C.,
1700 Redbud Boulevard, Suite 300
P.O. Box 1210
McKinney, Texas 75070-1210
(214) 544-4040 (Fax)

Dr. Michael Evans
President, MISD Board of Trustees
605 East Broad Street
Mansfield, Texas 76063

Dr. Jim Vaszauskas
Superintendent
605 East Broad Street
Mansfield, Texas 76063

_____*s/ Colleen Elbe*_____
COLLEEN ELBE